**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-4070**

———————

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

        v.

NELSON RANGEL,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Martin K. Reidinger, District Judge.  (1:10-cr-00081-MR-1)

———————

Submitted:  November 6, 2012        Decided:  November 14, 2012

———————

Before MOTZ, KING, and SHEDD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Charles R. Brewer, Asheville, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nelson Rangel pled guilty pursuant to a plea agreement to one count of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (2006). The district court sentenced Rangel to 97 months' imprisonment. Rangel now appeals. In accordance with Anders v. California, 386 U.S. 738 (1967), Rangel's attorney has filed a brief certifying that there are no meritorious issues for appeal. Rangel has filed a pro se supplemental brief claiming that he did not receive effective assistance of counsel and that his sentence was unreasonable. Finding no error, we affirm.

First, we review Rangel's sentence for reasonableness, applying a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 52 (2007). We begin by reviewing the sentence for significant procedural error, including improper calculation of the Guidelines range, failure to consider sentencing factors under 18 U.S.C. § 3553(a) (2006), sentencing based on clearly erroneous facts, or failure to adequately explain the sentence imposed. Id. at 51. Only if we find a sentence procedurally reasonable can we consider substantive reasonableness. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). Here, Rangel's within-Guidelines sentence is presumed reasonable, United States v. Powell, 650 F.3d 388, 395 (4th Cir.), cert. denied, 132 S. Ct. 350 (2011),

and we find no procedural or substantive error in its imposition.

Next we consider Rangel's pro se claim of ineffective assistance of counsel. Generally, such claims are not cognizable on direct appeal unless the record conclusively establishes counsel's "objectively unreasonable performance" and resulting prejudice. United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008). Instead, ineffective assistance claims are most appropriately pursued in a motion pursuant to 28 U.S.C.A. § 2255 (West Supp. 2012). Because the record does not conclusively establish counsel's ineffectiveness, we decline to consider Rangel's claim on direct appeal.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. Therefore, we affirm Rangel's conviction and sentence. This court requires counsel to inform Rangel, in writing, of his right to petition the Supreme Court of the United States for further review. If Rangel requests that a petition be filed but counsel believes such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Rangel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

3

before the court and argument would not aid the decisional process.

AFFIRMED